# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALFONSO TOWNSEND, ) | |
| Petitioner, ) | |
| v. ) | Case No. 3:14-cv-01765 |
| CHERRY LINDAMOOD, Warden, ) | Judge Trauger |
| Respondent. ) | |

## MEMORANDUM OPINION

In response to a show-cause order entered by the court on September 5, 2014 (ECF 3), petitioner Alfonso Townsend has submitted a supplement (ECF 7) to his Petition for Writ of Habeas Corpus (ECF 1). The ostensible purpose of this supplement, pursuant to the court's directive, was to show cause why Townsend's petition for the writ of habeas corpus, challenging a judgment that became final more than 20 years ago, should not be dismissed as barred by the statute of limitations.

Under Rule 4 of the Rules Governing § 2254 Cases, this court is to promptly examine any petition filed under § 2254 and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth herein, the court concludes that the petitioner's claims for relief are clearly barred by the statute of limitations, 28 U.S.C. § 2244(d)(1)(A)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. Under this provision, the limitations period runs from the latest of four enumerated events, only two of which are relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).[1] In addition, the statute of

---

[1] The statute may also begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," or "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(B) & (C). The petitioner does not allege any facts suggesting that either of these provisions is applicable.

limitations is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

The petitioner in this case pleaded guilty in 1993 to two counts of aggravated rape and one count of attempted first-degree murder and was sentenced to three consecutive prison terms of twenty-five years each. He did not pursue a direct appeal, but his state petition for post-conviction relief was denied, and the denial of relief was affirmed in 1996. *Townsend v. State*, No. 01C01-9508-CR-00273, 1996 WL 648513 (Tenn. Ct. Crim. App. Nov. 8, 1996), *perm. app. denied* (Tenn. March 10, 1997). Thus, if § 2244(d)(1)(A) applies, the statute of limitations for filing a habeas petition expired a year after the Tennessee Supreme Court denied review, on March 10, 1998.[2]

Alternatively, if the petitioner can establish that his petition is premised upon the existence of newly discovered evidence, the limitations period runs from the date on which the facts supporting his claim were discovered or reasonably should have been discovered. 28 U.S.C. § 2244(d)(1)(D). The petitioner, however, has not actually identified any new evidence upon which his claims are predicated, nor has he specified the date on which he became aware of any new evidence.

The statute of limitations is not jurisdictional and may be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The petitioner also makes a claim of actual innocence which can, under some circumstances, serve to toll the statute of limitations, without regard to the petitioner's diligence in pursuing the claim. *McQuiggin v. Perkins*, 569 U.S. ----, 133 S. Ct. 1924, 1931 (2013). In *McQuiggin*, the Supreme Court held that a petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329). In this case, the petitioner asserts that he is actually innocent of the crimes of conviction, but, again, he has not identified any credible new evidence to support his claim.

---

[2] AEDPA became effective on April 24, 1996. Because the petitioner's conviction became final before AEDPA's effective date, the statute of limitations period began to run on April 24, 1996. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Townsend's state post-conviction proceeding was still pending at that time, however, so the statute was tolled until post-conviction proceedings concluded.

In his supplemental filing, the petitioner simply reiterates allegations made in the initial petition. He insists that the indictment in his case was "fatally" flawed insofar as it charged him both with "unlawful sexual penetration" (Count 2 of Indictment, ECF 7-1, at 1) and with "attempt to engage in unlawful sexual penetration" (Count 4 of Indictment, ECF 7-1, at 4). Second, he argues that his counsel was ineffective because he (1) failed to challenge the victim's character, even though the evidence established that she was engaged in a crack-cocaine drug binge along with the petitioner prior to "ma[king] up these ridiculous lies" about rape (ECF 1, at 2); and (2) failed to raise a question about the petitioner's mental health status in his defense. The petitioner also asserts that the "state suppress[ed] exculpatory documents from the petitioner's discovery package." (ECF 1, at 3.) He requests 45 additional days "to receive additional exculpatory documents [his] attorney and the state withheld from [him]." (*Id.*)

The petitioner's claim regarding the purportedly fatal inconsistency in the indictment is clearly not premised upon new evidence. Moreover, separate charges of rape and attempted rape are not necessarily inconsistent. And even if inconsistencies in the indictment were irreconcilable, any claim related to such inconsistencies was rendered moot by the petitioner's entry of a guilty plea to two charges of aggravated rape and one count of attempted first-degree murder.

The petitioner's allegations that his attorney did not pursue an inquiry into his mental health status are belied by the state court's opinion affirming the denial of post-conviction relief in the petitioner's case. That opinion shows that the petitioner underwent a psychological examination prior to entering a guilty plea. The examiner concluded that the petitioner understood the charges against him and the possible consequences and that he was able to advise his counsel and participate in his own defense. *Townsend v. State*, 1996 WL 648513, at *1. The petitioner was evaluated again by a team from the Middle Tennessee Mental Health Institute, in the course of the state post-conviction proceedings, and was again deemed to be competent. *Id.*

Finally, although the petitioner insists that his conviction was based solely on the victim's untruthful testimony and alleges that his attorney and the prosecutor withheld exculpatory evidence, he has not identified that evidence or presented or referenced any evidence of actual innocence.

In short, the petitioner has not provided any evidence of actual innocence that would justify equitable tolling of the statute of limitations, nor has he presented new evidence the discovery of which would have restarted the limitations period. Accordingly, this action will be summarily dismissed as barred by the statute of

limitations. 28 U.S.C. § 2244(d)(1)(A).

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE